1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Thomas David Brumm,

               Petitioner,

vs.

Charles L. Ryan, et al.,

               Respondents.

No.  CV-12-01087-PHX-ROS (SPL)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE ROSLYN O. SILVER, CHIEF UNITED STATES DISTRICT JUDGE:

      Petitioner Thomas David Brumm, who is confined in the Arizona State Prison Complex-Eyman, Cook Unit, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). [1]

# BACKGROUND

      On May 12, 1995, Petitioner was indicted by a grand jury in the Maricopa County Superior Court ("Superior Court"), Case No. CR 1995-04476, on three counts of molestation of a child. (Doc. 19-1, Exh. A.) Pursuant to two plea agreements (Doc. 19-1, Exh. B, C), on November 1, 1995, Petitioner pled guilty to two amended counts of attempted molestation of a child, both dangerous crimes against children.  (Doc. 19-1, Exh. D.) On March 8, 1996, the Superior Court sentenced Petitioner to a term of 10 years' imprisonment for one count, and lifetime probation for the other, suspending

---

[1]    Although entitled "Petition under 28 U.S.C. § 2241," the Court construed the Petition as one brought pursuant to 28 U.S.C. § 2254. (Doc. 9.)

imposition of sentence. (Doc. 19-2, Exh. F.) As a term of probation, Petitioner was sentenced to comply with sex offender conditions, commencing the first day of the second month following his release from incarceration. (Doc. 19-2, Exh. G.)

Petitioner was released and commenced probation on or about December 8, 2005. (Doc. 19-2 at 23, Exh L; Exh. 20-1 at 14.) On October 4, 2006, the State of Arizona ("State") filed a Petition to Revoke Probation (Doc. 19-2, Exh. I). Petitioner entered an admission to a violation of probation (Doc. 19-2, Exh. K), and on November 27, 2006, the Superior Court revoked Petitioner's probation and sentenced him to a term of 10 years' imprisonment. (Doc. 19-2, Exh. M.)

On November 17, 2009, Petitioner filed a *pro se* Notice of Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 19-2, Exh. O.) On or about January 14, 2010, Petitioner filed a *pro per* Petition for Post-Conviction Relief. (Doc. 1-1 at 3-26.) The Superior Court issued an order dismissing the petition on January 27, 2010. (Doc. 19-2, Exh. P.) Petitioner moved for rehearing of the decision. (Doc. 19-2, Exh. Q.) The Superior Court denied his request on February 17, 2010. (Doc. 19-2, Exh. R.) On March 16, 2010, Petitioner filed a Petition for Review (Doc. 19-2, Exh. S), which the Arizona Court of Appeals ("Appellate Court") denied on August 22, 2011 (Doc. 19-2, Exh. V). Petitioner then sought review of the Appellate Court's decision on September 6, 2011. (Doc. 19-2, Exh. W.) On January 5, 2012, that Petition for Review was summarily denied by the Arizona Supreme Court. (Doc. 19-2, Exh. X.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on May 22, 2012. (Doc. 1.)  Respondents have filed an Answer (Doc. 19 and 20), and Petitioner has filed a Reply (Doc. 22).

**DISCUSSION**

In the Petition for Writ of Habeas Corpus, Petitioner alleges one ground for relief. He contends that his Fifth, Thirteenth, and Fourteenth Amendment rights were violated by the imposition of lifetime probation. Respondents contend that Petitioner's habeas petition is time-barred. Alternatively, Respondents argue that Petitioner failed to exhaust

his state-court remedies and his claims are procedurally barred. For the reasons that follow, the Court finds that the habeas petition is barred by the statute of limitations, and will therefore recommend that it be denied on that basis.

## I.      Legal Standard

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244. The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Within the meaning of 28 U.S.C. § 2244(d)(1)(A), an "of-right" petition for post-conviction review under Rule 32 of the Arizona Rules of Criminal Procedure, available to criminal defendants who plead guilty, is a form of "direct review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). *See also* Ariz. R. Crim.

---

[2]      The AEDPA applies to cases filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

P. 32.1. Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review. *Summers v. Schriro*, 481 F.3d at 711. *See* Ariz. R. Crim. P. 32.4(a), 32.9(c).

The one-year limitation period under AEDPA is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002).[3] In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the petition is not filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred.").

In certain limited circumstances, AEDPA's one-year filing deadline may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). *See also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (recognizing that AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar) *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland v. Florida*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). *See also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (generally, equitable tolling may be applied only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."). "[T]he

---

[3]     Because it is a form of direct review under AEDPA's statute of limitations, the statutory tolling provision at 18 U.S.C. § 2244(d)(2) is inapplicable to an "of-right" petition for post-conviction relief. *See Summers*, 481 F.3d at 715.

threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

## II.   Application

### A.   Commencement of Limitations Period

Having entered into a plea agreement, Petitioner was sentenced on March 8, 1996. Petitioner had 90 days from that date to timely file an "of-right" petition for post-conviction relief. Ariz. R. Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence"). Because no petition was filed in the Superior Court, Petitioner's judgment[4] became final on June 6, 1996 within the meaning of 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, 132 S.Ct. 641, 656 (2012) ("with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").

Liberally construed, Petitioner argues that because his claim is based upon the Arizona Supreme Court decision in *State v. Peek*, 195 P.3d 641 (Ariz. 2008), the limitations period could not begin to run until after the issuance of that decision. (*See* Doc. 22 at 2 ("it was not until the filing of the state post conviction petition that Petitioner found the trial court was without authority… to impose [] lifetime probation…").) This argument, however, does not compel a later commencement date. A "state's determination of its own substantive law in a way that leaves a convict with no meritorious federal claim" does not constitute an "impediment" to *filing* a habeas petition under § 2244(d)(1)(B), nor is "a change in (or clarification of) state law[] by a state court" a "factual predicate" under § 2244(d)(1)(D). *Shannon v. Newland*, 410 F.3d 1083,

---

[4]     Petitioner challenges the Superior Court's 1996 sentence, arguing that a term of lifetime probation was not available for a conviction which was based upon an act of attempted child molestation that occurred "between 1994 and 1997." (Doc. 1 at 4-13.) Therefore, the Court looks to the judgment imposing lifetime probation, because the petition attacks that judgment.

1087-1088 (9th Cir. 2005) *cert. denied*, 546 U.S. 1171 (2006). The state court decision in *Peek* also does not qualify as a "constitutional right ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2244(d)(1)(C). Therefore, the one-year limitations period commenced on June 7, 1996.[5]

## B.    Statutory Tolling

Petitioner's notice of post-conviction relief, filed on November 17, 2009, did not statutorily toll the limitations period. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Section 2244(d)(2) can only serve to pause a clock that has not yet fully run. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed). Here, the one-year limitations period ran uninterrupted until June 7, 1997; the notice was filed more than ten years after the period had already expired.

The Superior Court found that the petition was untimely under Arizona law, and that Petitioner's claims did not satisfy any exception to the time limit for filing a Rule 32 petition. Consequently, Petitioner's notice of post-conviction relief was not "properly filed" and could not have statutorily tolled the limitations period even if it had not already expired. *See Pace*, 544 U.S. at 414 (stating that "[w]hen a post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)") (internal quotation and citation omitted). The Superior Court reasoned,

> Defendant's notice is untimely. Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the notice must be filed within 90 days of the entry of judgment and sentencing. Defendant was sentenced on November 27, 2006, more than 90 days before filing the notice.
>
> Defendant claims he should be allowed to file this untimely Rule 32 proceeding based on newly discovered material fact.

---

[5]    The Court notes that Petitioner's conviction became final after the AEDPA effective date of April 24, 1996. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001).

6

Defendant presents no new facts. Rather, defendant raises legal claims. Specifically, defendant claims his sentence is illegal and his attorneys rendered constitutional[ly] ineffective assistance. Defendant cannot raise these claims in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Ariz. R. Crim. P. 32.4(a)….

(Doc. 19-2 at 43, Exh. P.)

To any extent the habeas petition may challenge Petitioner's probation revocation and subsequent sentence, it remains untimely. On November 27, 2006, the Superior Court revoked Petitioner's probation and imposed sentence. Petitioner had 90 days from that date to timely file an "of-right" petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.1, 32.4. Because no petition was filed in the Superior Court, that judgment became final on February 25, 2007 within the meaning of 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period commenced on February 26, 2007, and ran uninterrupted until it expired on February 26, 2008. As found above, the 2009 post-conviction relief notice did not statutorily toll the limitations period because it was filed more than a year after the period had already expired. Similarly, even if it had not already expired, the notice was not "properly filed" and could not toll the limitations period.

## B.    Equitable Tolling

Petitioner argues in his reply that he should be excused from filing an untimely habeas petition, presumably asking the Court to equitably toll the limitations period. Petitioner argues that he "does not have a law library to become aware of court decisions and it was not until the filing of the state post conviction petition that Petitioner found the trial court without authority (jurisdiction) to impose a lifetime probation." (Doc. 22 at 2.)

Petitioner has not proffered any extraordinary circumstance that would justify equitable tolling. In certain circumstances, a lack of access to legal resources may warrant equitable tolling. *See, e.g., Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (finding that unavailability of a copy of the AEDPA in a prison law library could be grounds for equitable tolling); *Roy v. Lampert*, 465 F.3d 964, 974 (9th Cir. 2006) (finding that lack of access to AEDPA materials and Oregon law books may

7

1   be an extraordinary circumstance); *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006)

2   (finding that lack of access to Spanish language legal materials or assistance could entitle

3   habeas petitioner to equitable tolling). In this case however, while Petitioner purports that

4   he "does not have a law library," he does not claim that he is without access to legal

5   resources. In fact, the content of Petitioner's *pro se* state post-conviction pleadings and

6   the instant petition compels the contrary. Petitioner does not show how the lack of a law

7   library prevented him from filing a habeas petition while the statute of limitations was

8   running. Even if Petitioner may argue that the state court's decision in *Peek* prevented

9   him from prevailing on a federal habeas claim, he fails to allege that he was prevented

10  from preparing and filing a habeas petition. *See Shannon v. Newland,* 410 F.3d at 1090.

11  Based on the circumstances presented, the Court simply cannot say that extraordinary

12  circumstances stood in Petitioner's way and prevented him from timely filing a habeas

13  petition in this Court. The Court therefore concludes that equitable tolling is not

14  applicable here.

15      In sum, Petitioner did not file his federal habeas petition until May 22, 2012,

16  approximately fifteen years after the limitations period expired following the judgment

17  imposing lifetime probation, or four years after the limitations period expired following

18  the judgment revoking probation and imposing his current sentence of incarceration.

19  Under either timeline, the limitations period is not subject to statutory or equitable

20  tolling. Therefore, the Court finds that the Petition for Writ of Habeas Corpus is untimely

21  and barred by the statute of limitations.

22                          **CONCLUSION**

23      The record is amply developed, and the Court does not find that an evidentiary

24  hearing is necessary for resolution of this matter. *See Earp v. Ornoski*, 431 F.3d 1158,

25  1167 (9th Cir. 2005); *Roberts v. Marshall*, 627 F.3d 768 (9th Cir. 2010). Based on the

26  above analysis, the Court finds that Petitioner's Petition for Writ of Habeas Corpus is

27  barred by the statute of limitations. The Court will therefore recommend that the Petition

28  for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

8

1    **IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas

2    Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

3    **PREJUDICE**.

4    **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

5    leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the

6    Petition is justified by a plain procedural bar and jurists of reason would not find the

7    procedural ruling debatable.

8    This recommendation is not an order that is immediately appealable to the Ninth

9    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

10   of Appellate Procedure, should not be filed until entry of the district court's judgment.

11   The parties shall have 14 days from the date of service of a copy of this recommendation

12   within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1);

13   Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to

14   file a response to the objections.

15   Failure to timely file objections to the Magistrate Judge's Report and

16   Recommendation may result in the acceptance of the Report and Recommendation by the

17   district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

18   1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of

19   the Magistrate Judge will be considered a waiver of a party's right to appellate review of

20   the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's

21   recommendation.  *See* Fed. R. Civ. P. 72.

22   Dated this 27th day of June, 2013.

23

24

25   Honorable Steven P. Logan

26   United States Magistrate Judge

27

28

9