IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas David Brumm,<br><br>      Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>      Respondents. | No. CV-12-01087-PHX-ROS<br><br>**ORDER** |

On June 27, 2013, Magistrate Judge Steven P. Logan issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied. (Doc. 26). Petitioner filed timely objections. For the following reasons, the R&R will be adopted in full.

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the R&R, the district court's review of the part objected to is to be *de novo. Id.* Petitioner filed timely objections to certain portions of the R&R, meaning the Court must review those portions *de novo*.

The Magistrate Judge concluded the petition is untimely. Having reviewed the issue *de novo*, the Court agrees. As explained by the Magistrate Judge, the petition was not filed within one year of when Petitioner's conviction became final in 1996. Nor was it filed within

1 one year of when Petitioner's probation was revoked in 2006. Therefore, absent some form
2 of tolling, the petition is untimely.

3 There are two types of tolling: statutory and equitable. The Magistrate Judge
4 concluded statutory tolling does not apply and Petitioner does not object to that conclusion.
5 Petitioner does, however, object to the Magistrate Judge's conclusion that equitable tolling
6 does not apply. In objecting, Petitioner avers he learned of his claim in October 2009. (Doc.
7 27 at 1). Petitioner does not identify the "extraordinary circumstances" that made it
8 "*impossible* to file [his] petition" between 2009 and when he actually field it in May 2012.
9 *Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) (quotation omitted). In other words,
10 even after learning of his claim, Petitioner waited a little less than three years to file his
11 petition. In these circumstances, equitable tolling does not apply. *Id.* ("reasonable diligence"
12 is required to invoke equitable tolling).

13 Accordingly,

14 **IT IS ORDERED** the Report and Recommendation (**Doc. 26**) is **ADOPTED**. The
15 Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED WITH**
16 **PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

17 **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in
18 forma pauperis on appeal are **DENIED** because the dismissal of the Petition is justified by
19 a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

20 DATED this 29th day of July, 2013.

_____
Roslyn O. Silver
Chief United States District Judge